ed that he ascertained that the pole was in danger of falling if the supports from the wires and guy were removed, because the first thing that he did upon climbing the new pole was to tie the two poles together at the top. The only evidence before us relating to the subject of tying poles together at the top before removing the wires is that such tying of the poles is only done when there is some visible danger of the old pole falling. If the tying had been properly done by the intestate, the old pole could not have fallen. What more than tying the poles together at the top could the intestate have done, if he had been expressly told that the old pole had been broken at the bottom, and that, unless secured, it would fall as soon as its supports were removed? The intestate, by what he did, admitted that he knew that the old pole was in danger of falling. Whether the intestate changed his position from the top of the new pole and climbed the old one, or was thrown to the ground in some other manner than while on the old pole at work, does not appear. Neither does it appear whether the guy wire that held the old pole from the west was broken or had been cut by the intestate. Just how the accident happened is a matter of conjecture, and the most probable conjecture is that the intestate, knowing that the old pole was in danger of falling as soon as the wires and guy were removed therefrom, tied it to the new pole with the halter, and then removed the wires and cut the guy, depending upon the halter to hold the old pole to the new one, and that by reason of the fact that the halter was insecurely tied by him it became untied and let the old pole fall, and that the intestate, being at least to some extent sustained by the old pole, fell with it and received the injuries which caused his death. The plaintiff was required to show affirmatively that the intestate was free from negligence contributing to his death. It was not necessary to establish such fact by direct evidence; but, where the circumstances are relied upon in the absence of direct evidence to show a lack of contributory negligence, they should point by a fair and reasonable inference to such conclusion.

The circumstances disclosed by the record now before us do not sustain the conclusion that the intestate was free from contributory negligence, and the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except CHESTER, J., who dissents.

---

(108 App. Div. 288.)

### LAFFAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

MASTER AND SERVANT—DEATH OF EMPLOYÉ—ASSUMPTION OF RISK.

An employé was killed while attempting to move a street car into a car barn. The car came to a stop on the curve leading into the barn, and the employé directed that leaders should be attached to the car platform and gave instructions to go ahead. The car did not move. He then walked into the space between the car and the wall of the barn, when the car moved and crushed him. He knew the situation and acted in view of that knowledge. *Held*, that he assumed the risk as a matter of law, precluding a recovery for his death.

Appeal from Trial Term, New York County.

Action by Margaret Laffan, as administratrix of William Laffan, deceased, against the Metropolitan Street Railway Company. From an order setting aside a verdict for plaintiff, she appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

D. Keane, for appellant.

B. H. Ames, for respondent.

PATTERSON, J. This is an appeal from an order setting aside a verdict in favor of the plaintiff in an action brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused through the negligence of the defendant. The intestate was in the employ of the defendant, working about a barn in which cars were stored. The barn was situated on the east side of Amsterdam avenue, between 128th and 129th streets, and cars requiring repairs entered it over a track. On February 11, 1902, the intestate was and for about two years before had been a foreman at work at this barn. A car was entering the barn, when it lost its momentum and came to a full stop on the curve leading from Amsterdam avenue into the barn. The car was about 40 feet long. When it came to a stop it was 3 or 4 feet away from a partition or wall of the barn. The plaintiff's intestate was notified of this situation, and he went out to direct the further movement of the car. He gave orders for leaders to be attached to the platform of the car, and when they were adjusted he gave instructions to go ahead; but the car did not move. He then walked forward in the space between the car and the partition, and as he did so the car moved and he was crushed to death.

The only ground upon which the plaintiff insists that she is entitled to a recovery is that of faulty construction and of negligence of the defendant in not furnishing a safe place for the intestate to work in; but it is quite apparent that he knew all about the situation, and that he assumed the risk of his own action in undertaking to go into the space between the car and the partition. He undoubtedly did not suppose the car would move, but that was a risk he took upon himself. Cars requiring repairs were constantly run into this barn, and the plaintiff's intestate must have known all about the condition and situation of such cars. I do not think it can be said to be negligence on the part of the defendant that it did not provide for such an extraordinary occurrence as that a car should stop on a curve, and that one of its employés, in the effort to move it into the barn, should put himself in a condition in which he could be crushed between the car and some part of the building. But, be that as it may, it is obvious that this intestate knew everything about the situation, and that he acted in view of that knowledge and condition, taking the responsibility upon himself.

I think the order should be affirmed, with costs. All concur.